IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

UNITED STATES OF AMERICA,

v.  No. 24-cr-20073-TLP

PATRIC FERGUSON,

        Defendant.

DEFENDANT'S SENTENCING POSITION AND MEMORANDUM

COMES NOW the Defendant, Patric Ferguson, by and through counsels, C. Anne Tipton and Michael E. Scholl, pursuant to § 6A1.2 of the Sentencing Guidelines and this Court's local rules and respectfully presents the following Sentencing Memorandum.

**SENTENCING MEMORANDUM**

The respective parties reached an agreed upon sentencing recommendation pursuant Federal Rule of Criminal Procedure 11(c)(1)(C) for a term of thirty-eight (38) years or 456 months imprisonment to be followed by a period of supervised release to be determined by the Court. The parties agree this term of imprisonment is sufficient but not greater than necessary to satisfy the purposes of sentencing as set forth in 18 U.S.C. § 3553.

Pursuant to the factors set forth in 18 U.S.C. §3553(a) the court is tasked with fashioning an appropriate sentence for criminal conduct. These factors include (1) nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for sentence imposed – (A) to

reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from future crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the advisory guideline range; (5) any pertinent policy statements issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities; and (7) the need to provide restitution to any victims of the offense. U.S. v. Booker, 125 S.Ct. 738, 764 (2005); U.S. v. Merryweather, 431 F.3d 962 (9th Cir. 2005).  In 2005 the Supreme Court in U.S. v. Booker, 125 S.Ct. 738 (2005), clarified that the sentencing guidelines issued by the United States Sentencing Commission were advisory only and no longer interpreted as mandatory upon the sentencing courts.  See Booker at 790 (sentencing guidelines are but one of many statutory concerns that deferral courts must take into account during sentencing determinations).

Defendant requests the Court consider these factors, specifically as following:

- A. **Nature and circumstances of the offense** – Defendant was indicted for civil rights violations and premediated homicide.
- B. **History and characteristics of the Defendant** – Mr. Ferguson is thirty-four (34) years old.  He is a U.S. citizen.  Defendant holds a Bachelor of Arts degree from Rhodes College.  He has a solid and continuous employment record throughout his adult life.  Mr. Ferguson is not

married and has no children. Mr. Ferguson has no prior criminal record.

C. <u>Need for Sentence Imposed</u> – The recommended sentence set forth in the plea agreement reflects the seriousness of the offense and just punishment, affords adequate deterrence to the conduct, protects the public from further crime by the Defendant and provides opportunity of education/training and such to the Defendant.

D. The recommended sentence is a Zone D sentence.

The Defendant supports the imposition of the recommended sentence as set forth in the agreed upon plea agreement pursuant Federal Rule of Criminal Procedure 11(c)(1)(C) of thirty-eight years or 456 months followed by a period of supervised release determined by the Court. Such sentence is "sufficient but not greater than necessary" to "reflect the seriousness of the offense, to promote respect for the law, and to provide a just punishment." Defendant will expound upon the justification for this sentence during the hearing of this matter.

WHEREFORE, PREMISE CONSIDERED, based upon the presentence report, counsels' statements, and statements by Defendant, family, and others the Defendant moves this Honorable Court to accept the plea agreement and its terms as set forth and impose a sentence of thirty-eight years (456 months) followed by a period of supervised release as "sufficient but not greater than necessary" or for any other relief the Court deems accordingly.

RESPECTFULLY SUBMITTED,

/s/ C. Anne Tipton
C. ANNE TIPTON (16317)
Attorney for Defendant
253 Adams Avenue
Memphis, Tennessee 38103
901.529.8500

/s/ Michael E. Scholl
MICHAEL E. SCHOLL (16284)
Attorney for Defendant
253 Adams Avenue
Memphis, Tennessee 38103
901.529.8500

## CERTIFICATE OF SERVICE

I, C. Anne Tipton, Attorney for Defendant, hereby certify a true and exact copy of the foregoing document has been filed via the District Court's electronic case filing system and/or emailed to Assistant United States Attorneys Karen Hartridge, Tennette Smith, and Sarah Armstrong, this the 7th day of November 2025.

/s/ C. Anne Tipton
